RECEIVED

JUN 0 1 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LEBERT A. GORDON, <br><br> Plaintiff, <br><br> v. <br><br> HARLEY LAPPIN, et al., <br><br> Defendants. | Civil Action No.: 1:06-cv-00427-RJL |

## MOTION TO ADMIT BY DEFAULT JUDGMENT
## FEDERAL RULES OF CIVIL PROCEDURE, RULE 55

Comes now, Lebert A. Gordon, Pro-Se Plaintiff respectfully moves this Honorable Court in Motion To Admit By Default Judgment and state the following:

On March 22, 2006, the United States District Court for the District of Columbia served defendants Harley G. Lappin, Harell Watts, and Al Haynes, Federal Officers in their [Official] and [Individual] capacity pursuant to Federal Rules of Civil Procedure, Rule 4(c) to respond or otherwise answer on May 22, 2006.

On May 16, 2006, the Assistant United States Attorney, John Henault, BAR # 472590 submitted an invalid Motion To Enlarge Time To File Answer Or Otherwise Respond To Complaint on behalf of all Defendant. This Motion lacked Approval and Authority pursuant to 28 C.F.R. §50.15 as noted in Plaintiff's Opposition Motion.

Further, Defendants failure to deny the facts within this Civil Action through representation for defendants individual capacity falls under the scope of Federal Rule of Civil Procedure

Lebert A. Gordon v. Harley Lappin, et al.,
Civil Action No.: 1:06-cv-00427-RJL
Page#: (2)


Rule 8(d) effect of failure to deny:

> Averments in a pleading to which a responsive pleading is required, other than those as to amount of damage, are admitted when not denied in the responsive pleading.

In <u>Simpkins v. District of Columbia Government</u>, 323 U.S. App 312 (1997) Id. 108 F.3d 369. Bivens actions are for damages. They cannot be viewed as actions against the government. Unlike official - capacity suits. The sovereign immunity from damages is therefore not a defense. <u>Butz v. Economou</u>, 438 U.S. 478, 504-05, 57 L.Ed 2d 895, 98 S.ct. 2894 (1978). If the Bivens defendant(s) is found liable, he (they) becomes personally responsible for satisfying the judgment. Although, in some instances as previously cited (28 C.F.R. §50.15) the government may indemnify him(them). (Indemnification for Justice Department Employees). We do not retreat from the point in <u>Light v. Wolf</u> that service on the United States... unnecessary if the defandant(s) is treated under Rule 4(e)[1]/as an individual--might facilitate the Justice Department providing defense counsel. But in Bivens cases this advantage is slight. Under current Department of Justice procedures, Bivens defendants still have to shoulder the burden of requesting, in writing, that the government provide representation or, in case of a conflict of interest, pay for private counsel. 28 C.F.R.

---

[1]/ Plaintiff was granted Leave To Proceed in Forma Pauperis on 02/10/06, Rule 4(c)(2) This Court served the Defendants on 03/22/06.

Lebert A. Gordon v. Harley Lappin, et. al.,
Civil Action No.: 1:06-cv-00427-RJL
Page#: (3)

§ 50.15(a). The final consideration is that given the large body of law on this issue in other circuits, and the settled practice resulting from the District Court decisions in this Circuit, we ought to avoid creating a different requirement for serving Bivens defendants sued in the District of Columbia.

### CONCLUSION

In light of Defendants failure to request representation pursuant to 28 C.F.R. §50.15 in a timely manner as noted in this case record as well as defendants failure to respond in pleading on the due date of May 22, 2006, the defendants have default and thus admitted to Plaintiff's claims. In this regard, Plaintiff ask the Honorable Court to note the following:

> Entry of such motion to Admit By Default Judgment can be lodged by the clerk or the Court itself when there is satisfactory evidence from Plaintiff.

Plaintiff, respectfully prays that this Motion to Admit By Default Judgment be Granted.

Respectfully Submitted,

Lebert A. Gordon
Reg. No. 02143-000
USP-Hazelton
P.O. Box 2000
Bruceton Mills, W.V. 26525

Lebert A. Gordon v. Harley Lappin, et. al.,
Civil Action No.: 1:06-cv-00427-RJL
Page#: (4)

## DECLARATION

I, Lebert A. Gordon do declare under the penalty of perjury (28 U.S.C. §1746; 18 U.S.C. §1621) that the foregoing information is true and correct to the best of my knowledge.

Date: May 27, 2006                     *Lebert A. Gordon*
                                        Signature of Plaintiff

## AFFIANT SUM REQUEST

I, Lebert A. Gordon, the Plaintiff hereby duly sworn and deposes a sum computation of May 22, 2006, two hundred and fifty thousand dollars ($250,000.00) with additional court sanctions and judgment of default to resolve this matter.

Executed this 27th day of May, 2006.

                                /s/ *Lebert A. Gordon*
                                    Lebert A. Gordon
                                    In Pro Se

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing was furnished by regular U.S. Mail, first-class postage prepaid, this 27th day of May, 2006, on the following persons: The Honorable Judge Richard J. Leon

United States District Court

For the District of Columbia

333 Constitution Avenue, N.W.

Washington, D.C. 20001

I declare under penalty of perjury that the foregoing is true and correct.

Executed on the 27th day of May, 2006.

Sign and print name/address

*Lebert A. Gordon*
Lebert A. Gordon
Reg. No. 02143-000
U.S.P. Hazelton
P.O. Box 2000
Bruceton Mills, W.V. 26525