## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **LEBERT A. GORDON,** ) | |
| ) | |
| **Plaintiff,** ) | **Civil Action No.: 06-0427 (RJL)** |
| ) | |
| **v.** ) | |
| ) | |
| **HARLEY LAPPIN, *et al.*,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

## DEFENDANTS' REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

Federal defendants, Harley Lappin, and Harrell Watts, named in their official and personal capacities, and federal defendant Al Haynes, named in his individual capacity only, by and through undersigned counsel, respectfully submit a Reply in support of Defendants' Motion to Dismiss or in the Alternative, To Transfer. ("Def's. Motion").

Plaintiff's opposition, in summary, argues that (1) the court has subject matter [sic] jurisdiction over the defendants, (Pl.'s Opp'n at pp. 3-8); (2) that venue is appropriate in the District of Columbia due to defendants "involvement to allow an adverse transfer", (Pl.'s Opp'n at pp. 8-11); (3) that plaintiff exhausted his administrative remedies in this case, (Pl.'s Opp'n at pp. 11-13); (4) that plaintiff properly served the defendants in their official and individual capacity, (Pl.'s Opp'n at p. 13); (5) that defendants are not entitled to qualified immunity, (Pl.'s Opp'n at pp. 13-14); and (6) that plaintiff has a liberty interest in his place of confinement due to "impermissive motives" of the defendants, (Pl.'s Opp'n at pp. 14-16). Plaintiff also incorrectly argues the standard of dismissal for a motion for summary judgment. (Pl.'s Opp'n at p. 6).

Defendants have filed a motion to dismiss and have not filed a substantive motion for summary judgment at this time.

Plaintiff, however, has failed to provide any basis to rebut defendants' arguments that his complaint suffers from numerous fatal deficiencies and should be dismissed or transferred to the proper venue.

### A. Plaintiff Has Not Perfected Proper Service Against the Individual Federal Defendants

Plaintiff has failed to perfect proper service on the individually-sued defendants. Because Bivens suits are suits against government officials in their individual, rather than their official capacities, personal jurisdiction over the individual defendants is a necessary prerequisite for this Court to entertain a Bivens claim against them. See Deutsch v. U.S. Dept. of Justice, 881 F. Supp. 49, 52 (D.D.C. 1995); Delgado v. Bureau of Prisons, 727 F. Supp. 24 (D.D.C. 1989); Lawrence v. Acree, 79 F.R.D. 669, 670 (D.D.C. 1978); Simpkins v. District of Columbia Government, 108 F.3d 366, 369 (D.C. Cir. 1997). It is well established that, in an action against a federal employee in his or her individual capacity, the individually-sued defendant must be served with process in accordance with Rule 4(e) of the Federal Rules of Civil Procedure. Id. Rule 4(e) provides that service is effectuated by complying with the laws of the state for such in which the district court is located by delivering a copy of the summons and complaint to the defendant (or his appointed agent) personally, or by leaving copies thereof at the defendant dwelling house or usual place of abode with some person of suitable age and discretion who resides there. Fed. R. Civ. P. 4(e). The SCR-Civil 4(e)(2) allows for service upon individuals by first class, certified or registered mail. Actual notice will not, of course, substitute for technically

2

proper service under Rule 4 and will not permit the Court to render a personal judgment against an individually-sued defendant.  <u>Sieg v. Karnes</u>, 693 F.2d 803 (8th Cir. 1982); <u>See</u> <u>also</u> <u>Stafford v. Briggs</u>, 444 U.S. 527 (1980).

In this case, plaintiff served the individual defendants at their place of employment via U.S. mail, not with someone authorized to accept service for them in their individual capacities. Service at the defendants' place of employment is not proper service.  Because the record in this action is devoid of any evidence of proper personal service upon the federal defendants in their individual capacities, this action cannot proceed against them individually and all claims against the individual defendants should be dismissed.

### B.    The Case Must Be Dismissed or Transferred for Improper Venue

Plaintiff has provided no factual basis that any of the events giving rise to his claims against the defendants occurred within the District of Columbia, and therefore, venue is improper in the District of Columbia pursuant to 28 U.S.C. § 1391(b) and <u>Meyer v. Reno</u>, 911 F. Supp. 11, 15 (D.D.C. 1996).  In his opposition, plaintiff only vaguely, and without factual basis, alleges that defendants Watts and Lappin authorized and approved the constitutional violations against the plaintiff.  <u>See</u> (Pl. Opp. p. 10).

To the extent that any portion of this case might withstand the PLRA dismissal arguments, it is inappropriately brought in the United States District Court for the District of Columbia.  This is an individual claim that involves factual issues arising in the Northern District of West Virginia.  Nevertheless, 28 U.S.C. § 1404(a) provides:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it may have been brought.

3

The United States Court of Appeals for the District of Columbia Circuit has held that cases such as this one should <u>not</u> be heard in the District of Columbia, but should instead be transferred to the judicial district where the prisoner is incarcerated, pursuant to § 1404(a). ". . . [M]any, if indeed not most, petitions filed by prisoners not confined in the District of Columbia and not sentenced here originally, will tend to involve factors that make transfer to the place of incarceration appropriate." <u>Starnes v. McGuire</u>, 512 F.2d 918, 926 (D.C. Cir. 1974) (<u>en banc</u>). The Court of Appeals recognized that even if venue is technically appropriate, "there is certainly no reason why all cases involving the construction or constitutionality of a federal statute should be litigated in the District of Columbia." <u>Id.</u> at 925. Rather, where the records, witnesses, and counsel for the case are located near the prison and there is no issue of national importance raised by the complaint, "transfer of the complaint to the district of the plaintiff's incarceration is indicated." <u>Id.</u> at 933; <u>see also</u> <u>Lincoln v. Bureau of Prisons</u>, Civ. No. 96-2325, at 2 (D.D.C. May 2, 1997) ("[t]his Circuit discourages 'carpetbagging' by prisoners who are incarcerated elsewhere.")

Venue is improper pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C. § 1404(a) and this case should therefore be dismissed, or transferred, under Rule 12(b)(3), Federal Rules of Civil Procedure.

### C.     Failure to Exhaust Administrative Remedies

As explained in detail in defendants' motion to dismiss, plaintiff has failed to exhaust his administrative remedies with regard to the claims raised in this lawsuit. Exhaustion of all stages of the administrative remedy system is mandatory before a federal action may be commenced by a prisoner. 42 U.S.C. § 1997e(a). Plaintiff failed to follow the Bureau of Prisons' three-level

administrative remedy procedure set out at 28 C.F.R. § 542.10 *et seq*., which provides formal

review of any complaint which relates to any aspect of the inmate's confinement.  Due to

plaintiff's failure to follow proper procedure, his attempts at administrative remedy were rejected

for failure to seek informal resolution of his complaint.  <u>See</u> Complaint, Exhibits 1-7.

In <u>Booth v. Churner</u>, 532 U.S. 731 (2001), the Supreme Court held that the PLRA

requires exhaustion of all administrative remedies, regardless of whether the administrative

process provides the particular relief sought by plaintiff.  The Prison Litigation Reform Act of

1995 provides that:

> No action shall be brought with respect to prison conditions under §1983 of this title, or
> any other federal law, by a prisoner confined in any jail, prison, or other correctional
> facility until such administrative remedies as are available are exhausted.

<u>See also</u> <u>Gibbs v. Bolden</u>, 151 F. Supp. 2d 854, 857 (E.D. Mich. 2001) (to exhaust administrative

remedies under the PLRA, prisoner must file grievance against the person he ultimately seeks to

sue).  This legislation was enacted to make the exhaustion provisions mandatory rather than

directory.  "Exhaustion is now required for all action[s] . . . brought with respect to prison

conditions, whether under § 1983 or any other Federal law."  <u>Porter v. Nussle</u>, 534 U.S. 516

(2002) (internal quotations and citations omitted).  The exhaustion doctrine "enables the agency

to develop a factual record, to apply its expertise to the problem, to exercise its discretion, and to

correct its own mistakes, and is credited with promoting accuracy, efficiency, agency autonomy,

and judicial economy."  <u>Christopher W. v. Portsmouth Sch. Comm.</u>, 877 F.2d 1089, 1094 (1st

Cir. 1989) (citing <u>McKart v. United States</u>, 395 U.S. 185, 194 (1969)).

Thus, if a prisoner fails to exhaust available administrative remedies, his civil action must

be dismissed.  <u>Jenkins v. Haubert</u>, 179 F.3d 19, 28-29 (2d Cir. 1999).  <u>See e.g.</u>, <u>United States v.</u>

Flanagan, 868 F.2d 1544, 1546-47 (11th Cir. 1989) (prisoner's claim that his pre-sentence custody should have been credited against his sentence was not properly before the court because prisoner failed to exhaust administrative remedies available through federal prison system before seeking judicial review).

        Even where there is partial exhaustion, dismissal of a case is appropriate.  In Booth v. Churner, 532 U.S. 731, 741 (2001), the inmate plaintiff exhausted his grievance at the first level, but failed to complete all three levels of the Pennsylvania grievance process.  The Supreme Court upheld the district court's dismissal of the case for failure to exhaust administrative remedies. Moreover, where an inmate includes multiple issues concerning his prison conditions, "the plain language of [42 U.S.C.] § 1997e(a) requires that all available prison grievance remedies must be exhausted as to all of the claims."  Graves v. Norris, 218 F.3d 884, 885 (8th Cir. 2000).  See also, Smeltzer v. Hook, Civ. No. 4:02-CV0137 *6 (W.D. Mich. Aug. 29, 2002) ("Section 1997e(a) provides, 'No action shall be brought with respect to prison conditions under section 1983 of this title. . .until such administrative remedies as are available are exhausted.'  By using the word 'action' instead of 'claim,' Congress indicated that a prisoner is required to exhaust all claims before his action may proceed. . . . 'Had Congress intended to permit the piecemeal adjudication of claims relating to prison conditions, the statute would have precluded the bringing of unexhausted claims rather than action.")

        Plaintiff in this case fails to allege or demonstrate in his complaint, or in his opposition to defendants' motion to dismiss, that he fully exhausted his administrative remedies through the Bureau of Prisons grievance process on all of the claims now before the court prior to bringing suit.  The current case is the precise type of situation in which exhaustion is required.  Proper

exhaustion would permit plaintiff to fully articulate his complaint, as well as allow the Bureau of Prisons the opportunity to appropriately respond and address any concerns regarding conditions of confinement and appropriate medical care, without prematurely requiring court involvement. Plaintiff has clearly circumvented the intent and the requirements of the PLRA by not fully exhausting his administrative remedies before seeking injunctive relief.  He should not be rewarded for doing so by having the Court reach the merits of his complaint.  To permit plaintiff to proceed will encourage him and other inmates to attempt to circumvent the PLRA's mandatory exhaustion requirement by simply raising similar allegations and asking for immediate injunctive relief.  No such exception to the PLRA exists and the court should dismiss this action.

### D.      Plaintiff Failed to Raise a First/Fifth Amendment Claim

Due to the numerous fatal procedural deficiencies in plaintiff's complaint, the Court need not go further than these deficiencies in dismissing the complaint.  However, should the court inquire into the allegations raised by the plaintiff with regard to the transfer of plaintiff from one correctional facility to another, defendants state that plaintiff has failed to assert any specific grounds for challenging the validity of the actions of the Federal Bureau of Prisons or provide any factual basis which would indicate that defendants violated his First or Fifth Amendment rights.  Consequently, the individual defendants are protected by qualified immunity.  Plaintiff represented no factual basis in his opposition to indicate that the individual defendants were not entitled to qualified immunity.

### Conclusion

Because venue in this court is improper, plaintiff has not exhausted his administrative remedies, and defendants have not been properly served in their individual capacities, the Court

7

should dismiss this action due to fatal procedural flaws. Plaintiff has presented no evidence to overcome the numerous deficiencies in his complaint.

                                        Respectfully submitted,


                                        ____/s/_____
                                        KENNETH L. WAINSTEIN, D.C. BAR # 451058
                                        United States Attorney



                                        ____/s/_____
                                        RUDOLPH CONTRERAS, D.C. BAR # 434122
                                        Assistant United States Attorney


                                        ____/s/_____
                                        JOHN F. HENAULT, D.C. Bar # 472590
                                        Assistant United States Attorney
                                        Judiciary Center Building
                                        555 4th Street, N.W. – Civil Division
                                        Washington, D.C.  20530
                                        (202) 307-1249; (202) 514-8780 (facsimile)

## CERTIFICATE OF SERVICE

_____I certify that on the 18th day of July, 2006, I served a copy of the foregoing by first-class mail, postage prepaid on:

Lebert A. Gordon
Reg. No. 02143-000
U.S.P. Hazelton
Inmate Box 2000
Bruceton Mills, WV 26525

_____/s/_____
John F. Henault
Assistant United States Attorney