UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
AUG 3 - 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

LEBERT A. GORDON, )
)
    Plaintiff, )
)
v. ) Civil Action No. 06-0427 (RJL)
)
HARLEY G. LAPPIN, *et al.*, )
)
    Defendants. )

## MEMORANDUM OPINION
(August 2nd, 2006)

This matter is before the Court on defendants' motion to dismiss or to transfer venue. Plaintiff is a District of Columbia prisoner incarcerated at the Hazelton United States Penitentiary in Bruceton Mills, West Virginia. He sues Bureau of Prisons ("BOP") Director Harley Lappin, BOP National Appeals Coordinator Harrell Watts, and Hazelton USP Warden Al Haynes under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Plaintiff accuses defendants of transferring him in May 2005 from USP Atlanta to his current location in retaliation for his contact with a United States Congressman regarding his confinement. He alleges that the unconstitutional transfer resulted in his "loss of UNICOR Grade 1 Pay . . . UNICOR Scholarship and . . . greater hardship." Complaint at 2. Plaintiff seeks $250,000 in damages. Upon consideration of the parties' submissions and the entire record, the Court will grant defendants' motion and dismiss the case.

Defendants move for dismissal on the ground, among others, that plaintiff has failed to properly exhaust his administrative remedies as is required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). As an initial matter, defendants baldly seek dismissal pursuant

to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. The Court has original jurisdiction over *Bivens* claims inasmuch as they necessarily arise under the Constitution. *See* 28 U.S.C. § 1331; *Bivens*, 403 U.S. at 389; *Bell v. Hood*, 327 U.S. 678, 681-682 (1946). Moreover, the PLRA's exhaustion requirement is not jurisdictional. *See Woodford v. Ngo*, 126 S.Ct. 2378, 2392 (2006). A prisoner's unexhausted claim therefore is not subject to dismissal under Rule 12(b)(1). Finding no other basis to support this defense, the Court is satisfied that it has subject matter jurisdiction.

The PLRA requires prisoners to exhaust their administrative remedies before bringing a civil action arising from prison conditions "regardless of the relief offered through administrative procedures." *Booth v. Churner*, 121 S.Ct. 1819, 1825 (2001). This requirement is not satisfied "by filing an untimely or otherwise procedurally defective administrative grievance or appeal." *Woodford v. Ngo*, 126 S.Ct. at 2382.

According to BOP, plaintiff's administrative grievances "were rejected because he did not follow proper procedures." Def's Ex. 1, Declaration of Victoria Justice ¶ 4; *see also* Pl's Oppos.[1] [Dkt. No. 12], Ex. 24 (rejecting administrative remedy on the basis that plaintiff had not proceeded with the first grievance step of informal resolution). Plaintiff proffers an informal resolution form, Pl's Ex. 23, but there is no indication that BOP staff received it. In any event, the form reveals that plaintiff's attempt at informal resolution in November 2005 was untimely

---

[1] Plaintiff captions his response "Opposition to Defendant's Motion to Dismiss and or for Summary Judgment." Defendants move to dismiss or to transfer. Because the Court has considered matters beyond the pleadings, however, it will review the motion to dismiss under the standard for summary judgment. *See* Fed. R. Civ. P. 12(b)(6) (conversion clause). Summary judgment "should be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-24 (1986).

because it occurred six months after the alleged retaliatory transfer in May 2005, thus, well beyond the five "working days" plaintiff had to complete the informal resolution process. Pl's Ex. 23.

"Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules. . . ." *Woodford*, 126 S.Ct. at 2386. Because no genuine issue of material fact is presented on plaintiff's failure to properly exhaust his administrative remedies, the Court has no choice but to dismiss the case pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted. Accordingly, defendants' motion to dismiss will be granted. A separate Order accompanies this Memorandum Opinion.

*[signature]*
Richard J. Leon
United States District Judge