RECEIVED
AUG 1 6 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LEBERT A. GORDON<br>　　　Plaintiff, | : <br> : <br> : |
| v. | : Civil Action No: 06-0427(RJL) <br> : |
| HARLEY G. LAPPIN, et. al.<br>　　　Defendants, | : RECONSIDERATION UNDER F.R.<br> : CIVIL PROC. RULE 59(e)<br> : |

## MOTION TO ALTER OR AMEND JUDGMENT

　　　Comes now, Lebert A. Gordon, Pro Se, for a motion to ALTER OR AMEND JUDGMENT pursuant to Federal Rules of Civil Procedure 59(e).

　　　On August 2nd, 2006, the Honorable Court issued a Memorandum Opinion granting defendants Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) based on plaintiff's failure to properly exhaust his administrative remedies as is required by the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a).

　　　Plaintiff in this motion states emphatically that the Court is <u>absolutely right</u> in its Opinion and Points of law granting the Dismissal.

　　　However, plaintiff seeks reconsideration based on the particulars and extenuating circumstances of his case and states the following:

A. <u>Plaintiff proffers an Informal Resolution Form, Pl's Ex. #23, but there is no indication that BOP Staff received it.</u>

Plaintiff points to Pl's Ex #22 Inmate Request to Staff (see Attached) Ms. E. Soltesz, BOP Secretary which acknowledged receipt of BP-8 #372 (Adverse Transfer) on 11/18/05 with accompanying initialized signature of BOP Unit Manager Greiner. Plaintiff was unable to obtain a requested declaration from Unit Manager Greiner of a true photo copy of Log book acknowledging receipt of BP-8 #372 due to the 10 day limitation for filing of this motion. As is, Exhibit #22 should suffice.

B. <u>In any event the Form reveals that Plaintiff's attempt at Informal Resolution in November 2005 was untimely because it occurred six months after the alleged retaliatory transfer in May 2005, thus, well beyond the five "working days" Plaintiff had to complete the Informal Resolution process. Pl's Ex. #23.</u>

Plaintiff acknowledges that the Honorable Court is <u>absolutely right</u> **"Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules..."** <u>Woodford</u>, 126 S.Ct. at 2386.

<u>Informal Resolution</u> §542.13(a) States: "... an inmate shall first present an issue of concern **informally** to staff, and staff shall attempt to **informally** resolve the issue before an inmate submits a Request for Administrative Remedy."

Plaintiff initiated this Informal Resolution process upon his arrival verbally with Unit Team which continued with the documented correspondence between BOP and Congressman Curt Weldon. (See Pl's Exhibits)

**Extension** §542.13(b) states: "Where the inmate demonstrates a valid reason for delay, an extension in filing time may be allowed. In general, valid reason for delay means a situation which prevented the inmate from submitting the request within the established time frame. **Valid reasons for delay include the following: ... an unusually long period taken for Informal Resolution attempts.**"

Plaintiff's first recourse attempt at Informal Resolution was a verbal conference which was intiated with his assigned Counselor Huffman and Unit Manager Greiner upon his arrival here at USP Hazelton. Plaintiff was told by staff that they would look into the matter and get back with him. During this juncture, Plaintiff received a follow-up letter from Congressman Curt Weldon P1's Ex. #13 dated May 10, 2005, Ex. #16 dated September 28, 2005, Ex. #17 dated November 1, 2005, who thus, joined the Informal Resolution process with his correspondence with Warden Haynes (see P1's Ex. #18 dated October 28, 2005 and Ex. #21 dated December 23, 2005).

This process extended the Informal Resolution Process which was conclusory at P1's Ex. #21 [para. #4] and the filing of BP-8 #372, P1's Ex. #23 on November 18, 2005. Therefore, Plaintiff now respectfully directs the Honorable Court to P1's Ex. #21 [Para. #4] dated December 23, 2005 which states: **"Inmate Gordon has been advised of his option to appeal this decision through the Administrative Remedy Program, to provide him with maximum**

-3-

opportunity to seek review of any issue related to his confinement." Any time bar was waived by defendants at this juncture, thus never raised as an issue seeking dismissal and Plaintiff's BP-8 #372 Pl's Ex. #23 dated November 18, 2005 was timely filed with this time frame. Absent explicit and specific language of a waiver in the record, the Honorable Court **must** draw inference light most favorable to Plaintiff from Pl's Ex. #21 [Para. #4] that a waiver was granted.

    C.  <u>A Prisoner's unexhausted claim therefore is not subject to dismissal under Rule 12(b)(1). Finding no other basis to support this defense, the Court is satisfied that it has subject matter jurisdiction.</u>

The Honorable Court's ruling that it has subject matter jurisdiction [see <u>Woodford v. Ngo</u>, 126 S.Ct. 2378, 2392 (2006)], and the fact that Plaintiff is a District of Columbia prisoner: " A District of Columbia prisoner alleging that prison authorities deprived him of his federal Constitutional rights is not barred by the time limitation after the disability is removed D.C. Code Ann. §12-302(a)(3), <u>Banks v. Chesapeake and Potomac Telephone Co.</u>, 256 U.S. App. D.C. 22, 802 F.2d 1416, 1471 (D.C. Cir. 1986) **statute of limitation are 3 years to an inmates federal Civil Rights Action within D.C., 12-301(8).**

<u>CONCLUSION</u>

Wherefore, Plaintiff has established particulars and extenuating circumstances based on documented proofs and the records of his case, he prays that the Honorable Court grants his MOTION TO

ALTER OR AMEND JUDGMENT, vacate it's Order of Dismissal and reinstate Plaintiff's complaint and allow Plaintiff to proceed or as an alternative hold an Evidentiary Hearing affording Plaintiff the opportunity to present additional facts and witnessess to support exhaustion of Administrative Remedy.

                                         Respectfully Submitted,

                                         *[signature: Lebert A. Gordon]*
                                         Lebert A. Gordon
                                         Reg. No. 02143-000
                                         USP Hazelton
                                         P.O. Box 2000
                                         Bruceton Mills, W.V. 26525

### **DECLARATION**

    I, Lebert A. Gordon declare under the penalty of perjury 18 U.S.C. 1746, that the foregoing is true and correct this 9th day of August, 2006.

                                         *[signature: Lebert A. Gordon]*
                                         Lebert A. Gordon, Pro Se.