UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LEBERT A. GORDON, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>HARLEY LAPPIN, *et al.*, )<br>)<br>Defendants. )<br>) | Civil Action No.: 06-0427 (RJL) |

DEFENDANTS' OPPOSITION TO
PLAINTIFF'S REQUEST TO ALTER JUDGMENT

In this Circuit, there is a well-accepted standard for a Court to reconsider its previous decision. Plaintiff's motion fails to meet this standard. Plaintiff admits that "the Court is absolutely right in its Opinion and Points of law granting the dismissal." Motion at p. 1. In fact, the only conclusion plaintiff offers in his motion is a request that the Court "reconsider based on the particulars and extenuating circumstances of his case." Id. Thus, this Court should deny plaintiff's motion and affirm its August 2, 2006 Memorandum Opinion and Order.

A motion for reconsideration should be granted *only* if the court "finds that there is an 'intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" Firestone v. Firestone, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (citations omitted). While a Court has broad discretion in ruling on a motion for reconsideration, "the reconsideration and amendment of a previous order is an extraordinary measure." Zhu v. United States, No. 04-1216 (RMC), 2006 WL 13240, *1 (D.D.C. Jan. 3, 2006) (quoting Zyko v. Dep't of Defense, 180 F. Supp. 2d 89, 91 (D.D.C. 2001)); Mobley v. Continental Cas. Co., 405 F. Supp. 2d 42, 45 (D.D.C. 2005). Moreover, "a motion for

reconsideration has a limited purpose. It is not a tool to simply re-litigate issues that the Court has already decided." Zhu, 2006 WL 13240, *1. In other words, the moving party must show "new facts or clear errors of law which compel the court to change its prior position." Nat'l Ctr. for Mfg. Sciences v. Dep't of Def., 199 F.3d 507, 511 (D.C. Cir. 2000) (citation omitted).

Plaintiff's motion for rehearing not only fails to meet the standard for reconsideration, but also fails to argue a proper basis for reconsideration. Rather, plaintiff offers the same arguments he offered in opposition to defendants' motion, in addition to an exhibit comprised of letters to and from Congressman Weldon's office to employees of the Federal Bureau of Prisons which were previously submitted as plaintiff's exhibits in other pleadings. In sum, plaintiff's incomprehensible musings are entirely irrelevant to this Court's August 2, 2006 Memorandum Opinion and Order and offer no basis in fact or law for this Court to reconsider its August 2, 2006 decision.

        Respectfully submitted,

        _____/s/_____
        KENNETH L. WAINSTEIN, DC BAR #451058
        United States Attorney

        _____/s/_____
        RUDOLPH CONTRERAS, DC BAR #434122
        Assistant United States Attorney

        _____/s/_____
        JOHN F. HENAULT, D.C. Bar # 472590
        Assistant United States Attorney
        555 Fourth Street, N.W. - Civil Division
        Washington, D.C.  20530
        (202) 307-1249

## CERTIFICATE OF SERVICE

      On August 29, 2006, a copy of the foregoing was sent by first-class mail, postage prepaid to:

Lebert A. Gordon  
Reg. No. 02143-000  
U.S.P. Hazelton  
Inmate Box 2000  
Bruceton Mills, WV 26525

                                                        _____/s/_____  
                                                         JOHN F. HENAULT, D.C. Bar # 472590