UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RECEIVED
SEP 11 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

LEBERT A. GORDON,

    Plaintiff,

v.

HARLEY LAPPIN, et al.,

    Defendants.

Civil Action No.: 06-0427 (RJL)

PLAINTIFFS' OPPOSITION TO
DEFENDANTS' OPPOSITION TO
PLAINTIFF'S REQUEST TO ALTER JUDGMENT

    It is well established in this Honorable Court that Plaintiff is a Pro Se Litigant and thus his complaint is held to less stringent standards than formal pleadings drafted by lawyers. A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. [See Haines v. Kerner, 404 U.S. 519 (1972)].

    A motion for reconsideration should be granted **only if the** court "finds that there is an 'intervening change of controlling law, the availability of new evidence, **or the need to correct a clear error or prevent manifest injustice.**'" [See Firestone v. Firestone, 76 F.3d 1205, 1208 (D.C. Cir. 1996)(citations omitted)]. Plaintiff in his Motion to Alter or Amend Judgment **points** the Honorable Court to clear errors in the record. [See Motion at p.2 thru 4].

Although, "the reconsideration and amendment of a previous order is an extraordinary measure." [See Zhu v. United States, No. 04-1216 (RMC), 2006 WL 13240, 1 (D.D.C. Jan. 3, 2006)], and "a motion for reconsideration has a limited purpose. It is not a tool to simply re-litigate issues that the Court has already decided." Zhu, 2006 WL 13240, *1]. A motion for reconsideration is a tool in which affords a plaintiff the opportunity to point to clear errors and thus prevent manifest injustice." Firestone, 76 F.3rd 1205.

The United States Supreme Court has held "Whatever may be the limits on the scope of inquiry of courts into the internal administration of prisons, allegations such as those ascerted by petitioner, however inartfully pleaded, are sufficient to call for the opportunity to offer supporting evidence." [See Haines v. Kerner, 404 U.S. 519 (1972)].

In conclusion, Plaintiff's motion for reconsideration does meet the standard for reconsideration as to plaintiff's ingenuity of explicatively addressing this Honorable Court in his Motion To Alter or Amend Judgment though lacking the formal pleadings of lawyer. Plaintiff prays that this Honorable Court acknowledges plaintiff's points raised and thus reverses it's August 2, 2006 Memorandum Opinion and Order grant releif sought in his pleading of Motion to Alter or Amend Judgment.

Respectfully Submitted,

*Lebert A. Gordon*

Lebert A. Gordon, Pro Se.
Reg. No. 02143-000
P.O. Box 2000
Bruceton Mills, WV. 26525

-2-

## DECLARATION

I, Lebert A. Gordon declare under the penalty of perjury 18 U.S.C. 1746, that the foregoing is true and correct and that a true copy has been sent by first-class mail, postage prepaid to:

>John F. Henault, D.C. Bar #472590
>Assistant United States Attorney
>555 Fourth Street, N.W. - Civil Division
>Washington, D.C. 20530

this 6th day of September, 2006.

Signature: _/s/ Lebert A. Gordon_
Lebert A. Gordon, Pro Se.